Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PEREZ TRADING COMPANY

       Plaintiff,

   - against –

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.

       Defendant.
-------------------------------------------------------------X

18 Civ.

**COMPLAINT**

Plaintiff, PEREZ TRADING COMPANY by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

### PARTIES

2. At all material times, Perez Trading Company (hereinafter "Perez" or "Plaintiff") was and is a corporation with an office and place of business located at 3490 NW 125th Street, Miami, Florida, 33167 and is the receiver and owner of a consignment of Paper, as more specifically described below.

3. At all material times, defendant, MSC Mediterranean Shipping Company SA (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10016, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 4, as if herein set forth at length.

6. On or about February 26, 2017, a consignment consisting of 840 cartons Paper, laden in container TGHU 842348 and 840 cartons Paper laden in container CARU 9616910, then being in good order and condition, were delivered to MSC and/or its agents in Santos, Brazil by cargo shipper International Paper Exportadora Ltda. The cargo was booked for transit on board the M/V MONTE ROSA in Santos and destined for Port Everglades, Florida, all in consideration of an agreed upon freight, all pursuant to MSC bill of lading MSCUZC0201715 dated February 26, 2017.

7. Thereafter the containers were loaded on board the M/V MONTE ROSA on or about February 26, 2017, MSC bill of lading MSCUZC021715 was issued and the vessel sailed for her intended destination.

8. During the vessel's transit to Port Everglades, container TGHU 7842348 was lost overboard and was never recovered, resulting in a total loss of the cargo.

9. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

10. The invoice value of the 840 cartons Paper is in the amount of $18,890.00.

11. As a result of the foregoing, Perez suffered damages in the amount of $18,890.00.

12. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $18,890.00.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 12, inclusive, as if herein set forth at length.

14. Pursuant to the contract of carriage entered into by and between the parties, the defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

15. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

16. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $18,890.00.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,890.00.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. At the time of the aforementioned incident, defendant together with the entities hired to act on its behalf, were acting as bailees of the aforementioned cargo and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

20. Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $18,890.00.

22. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,890.00.

## AS AND FOR A THIRD CAUSE OF ACTION

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25.     The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

26.     As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $18,890.00.

27.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $18,890.00.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $18,890.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 21, 2018
228-166

                                          **CASEY & BARNETT, LLC**
                                          Attorneys for Plaintiff

By: _/s/ Martin F. Casey_
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225